**LAKIS LAW OFFICES, PC**
145 N. Franklin Tpke, Suite 122
Ramsey, NJ  07446
Tel:  201-962-9300
Fax: 201-962-9301
E-mail: wlakis@lakis-law.com

*Attorneys for Plaintiff AERONET WORLDWIDE, INC.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AERONET WORLDWIDE, INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>A B & M INTERSTATE SERVICES, INC., AB&M INTERSTATE SERVICES, INC., AB&M LOGISTICS, LLC, MOBI EXPRESS, INC., and DOES 1-10.<br><br>       Defendants. | **CASE NO.**  5:22-cv-01081 (BKS/TWD)<br><br>**COMPLAINT OF AERONET WORLDWIDE, INC.**<br><br>**(1) Carmack Amendment Liability;**<br>**(2) Breach of Contract;**<br>**(3) Negligence / Gross Negligence;**<br>**(4) Breach of Bailment;**<br>**(5) Indemnification;**<br>**(6) Partial Equitable Indemnification;**<br>**(7) Contribution** |

COMES NOW Plaintiff, Aeronet Worldwide, Inc., on its own behalf and on behalf of all others including, but limited to, Aeronet, Inc., having any interest in the cargo referred to herein, and alleges:

## GENERAL ALLEGATIONS

1.      Plaintiff's complaint contains a cause of action for damage to cargo shipped in interstate commerce arising under a statute of the United States, namely the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, *et seq.*, and therefore within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1337, as more fully appears herein. Additionally, the Court has diversity jurisdiction pursuant to 28 U.S.C. §133, as more fully appears herein. Venue is proper under 28 U.S.C. §1391 (b).

2.      Aeronet Worldwide, Inc. (hereinafter "Plaintiff") is, and at all material times was, a Texas corporation authorized to do business and doing business in the state of New York with a principal place of business in Irvine, California.  Plaintiff brings this action on its own behalf and on behalf of its former and/or affiliated companies including, but not limited to, Aeronet, Inc. as assignor(s) and/or predecessor(s)-in-interest with respect to the claims alleged herein.

3.      Plaintiff is informed and believes, and thereon alleges, that defendant A B & M Interstate Services, Inc. is, and at all material times herein was, a New York corporation authorized to do business and doing business in the state of New York with a principal place of business at 133 Main St., Unit E, Whitesboro, New York, 13492, and a place of business at 5858 E. Molloy Rd., Suite 153, Syracuse, New York, 13211.

4.      Plaintiff is informed and believes, and thereon alleges, that defendant AB&M Interstate Services, Inc. is, and at all material times herein was, a North Carolina corporation doing business in the state of New York with a principal place of business at 1213 Culbreath Drive, Suite 388, Wilmington, North Carolina, 28405-3639, and a place of business at 5858 E. Molloy Rd., Suite 153, Syracuse, New York, 13211.

5.    Plaintiff is informed and believes, and thereon alleges, that defendant AB&M Logistics, LLC is, and at all material times herein was, a North Carolina limited liability company doing business in the state of New York with a principal place of business at 1213 Culbreath Drive, Suite 388, Wilmington, North Carolina, 28405-3639, and a place of business at 5858 E. Molloy Rd., Suite 153, Syracuse, New York, 13211.

6.    Plaintiff is informed and believes, and thereon alleges, that defendant MOBi Express, Inc. ("Mobi") is, and at all material times herein was, a Pennsylvania corporation doing business in the state of New York with a principal place of business at 3808 West 9th Street, Marcus Hook, Pennsylvania, 19061.

7.    Plaintiff does not know the true names or capacities of defendants sued herein as Does 1 through 10, inclusive, each of which is responsible for the events and matters herein referenced, and each of which caused or contributed to the damage herein set forth.  Accordingly, Plaintiff sues said defendants by such fictitious names and Plaintiff will amend its complaint to show the true names of said defendants when Plaintiff ascertains the same.

8.    At all material times, defendants A B & M Interstate Services, Inc., AB&M Interstate Services, Inc., AB&M Logistics, LLC, and/or Does 1 through 10 did business as "AB&M Interstate" and/or "AB & M Logistics" and/or "AB&M Logistics inc" and/or "AB&M Logistics."  Plaintiff is informed and believes and thereupon alleges that defendants A B & M Interstate Services, Inc., AB&M Interstate Services, Inc., AB&M Logistics, LLC, and/or Does 1 through 10 are the successors-in-interest of any and all debts and liabilities of predecessor individuals and/or entities that did business as "AB&M Interstate" and/or "AB & M Logistics" and/or "AB&M Logistics inc" and/or "AB&M Logistics" during all times relevant to this

complaint.  Defendants A B & M Interstate Services, Inc., AB&M Interstate Services, Inc., AB&M Logistics, LLC, and/or Does 1 through 10 are collectively referred to as "AB&M" herein.

9.      Plaintiff is informed and believes, and thereon alleges, that defendants AB&M, Mobi, and Does 1 through 10 (collectively, the "Defendants") were at all times material herein the agents, servants, employers, and/or employees of each of the other Defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

10.      Defendants undertook to transport a cargo comprised of two pallets comprised of 66 boxes containing 1,320 units of automobile part assembly kits (the "Cargo") from Auburn, New York to the United States/Mexico border crossing in Laredo, Texas.  The Cargo was shipped under Aeronet waybill no. 111102405.  On or about 17 October 2020, the truck provided by Defendants received the Cargo in good order and condition at Auburn, New York, for carriage to Laredo, Texas.  Though the shipment of the Cargo was estimated to arrive in Laredo, Texas on or about 20 October 2020, the Cargo was never delivered and was lost.  The commercial invoice value of the Cargo lost was USD $70,189.00.

11.      Those entities with interest in the Cargo, namely FCA/Stellantis (and/or Chrysler Group LLC), have made claim upon Plaintiff, based upon the transportation arrangements that were made by Plaintiff's related entities, arising and resulting from the Defendants' failure to deliver the Cargo in the same good order and condition in which the Defendants received the Cargo.  Plaintiff has already made substantial payment in order to partially and amicably address a significant portion of the disputed claim arising and resulting from the Defendants' failure to deliver the Cargo in the same good order, quantity, and condition in which the Defendants received the Cargo.  In so doing so and continuing to do so, Plaintiff has already suffered principal damages

4

in excess of USD 39,492.02 and estimates overall damages to be in excess of USD 109,681.02. Plaintiff is assigned and/or subrogated to the rights of the original rightful owners of the Cargo and/or otherwise acts herein on behalf of all others having any interest in the Cargo.

12.     Plaintiff is informed and believes, and thereon alleges, that Defendants, through their acts, omissions, breaches, negligence, and/or fault were legally responsible for any and all of the events and happenings alleged by those entities with interest in the Cargo and for proximately causing any damages and/or loss incurred by those entities with interest in the Cargo, as those entities with interest in the Cargo have alleged in their claim against Plaintiff.

13.     Defendants have refused to satisfy the liabilities for the Cargo despite Plaintiff's demand for the same.

### FIRST CAUSE OF ACTION - LIABILITY OF THE DEFENDANTS PURSUANT TO THE CARMACK AMENDMENT, 49 U.S.C. § 14706, ET SEQ.

14.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 13, inclusive.

15.     Prior to filing this action, the Defendants were nominated to transport the Cargo from Auburn, New York to Laredo, Texas.  The Defendants agreed, or otherwise as a matter of law were charged, for good and valuable consideration, to undertake physical transportation of the Cargo from Auburn, New York to Laredo, Texas and to deliver the Cargo in the same good order, quantity, and condition in which the Defendants received the Cargo.

16.     The Cargo was duly tendered in its entirety to the Defendants in good order and condition.  However, the Cargo suffered damage in transit and was lost while in the care, custody and/or control of the Defendants, and the Defendants failed to deliver the Cargo in the same good order, quantity, and condition in which they received the Cargo.

17.    In agreeing to transport the Cargo for consideration and receiving said Cargo for that purpose, the Defendants were acting as motor truck carriers and were the carriers within the meaning of 49 U.S.C. § 14706, *et seq.*  In failing to deliver the Cargo in the same good order, quantity, and condition in which they received the Cargo, the Defendants breached their statutory obligations under the Carmack Amendment.

18.    As a direct and proximate result of the Defendants' breach of their statutory obligations under the Carmack Amendment, Plaintiff has suffered or will suffer principal damages in the sum of not less than USD 109,681.02.

## SECOND CAUSE OF ACTION - BREACH OF CONTRACT

19.    Plaintiff hereby incorporates paragraphs 1 through 18 into this cause of action as if set forth in full herein.

20.    Prior to filing of this action, Defendants agreed to transport and/or arrange the transportation of the Cargo from Auburn, New York to Laredo, Texas. Said contractual agreements were among and between said Defendants and Plaintiff's assignors and/or subrogors and/or the respective authorized agents of Plaintiff's assignors and/or subrogors.

21.    Defendants materially breached and deviated from their agreements, in that they failed to deliver the Cargo in the same good order, quantity, and condition in which they received the Cargo and/or failed to make proper arrangements in accordance with industry standards and as agreed for the Cargo's safe transportation from Auburn, New York to Laredo, Texas.

22.    Plaintiff's assignors and/or subrogors and/or the respective authorized agents of Plaintiff's assignors and/or subrogors have performed each obligation, if any, under each of the contracts identified above, except for those obligations that because of the breaches by the said Defendants of their obligations, have been excused or prevented.

6

23.     As a direct and consequential result of the breaches by the said Defendants, Plaintiff has suffered or will suffer principal damages in the sum of not less than USD 109,681.02.

### THIRD CAUSE OF ACTION - NEGLIGENCE / GROSS NEGLIGENCE

24.     Plaintiff hereby incorporates paragraphs 1 through 23 into this cause of action as if fully set forth herein.

25.     The non-delivery and loss of the Cargo was directly and proximately caused by the negligence of the Defendants in transporting, and/or arranging and/or securing the transportation of, the Cargo.

26.     The conduct of the Defendants in transporting the Cargo, and/or arranging and/or securing the transportation of the Cargo, was in reckless disregard of known and documented risks and constituted a gross departure from industry standards, procedures and protocols and therefore demonstrated a want of even scant care.  As such, the Defendants are liable for negligence and for reckless, willful, wanton and gross negligence.

27.     As a direct and proximate result of the negligent conduct of the Defendants, Plaintiff has suffered or will suffer principal damages in the sum of not less than USD 109,681.02.

### FOURTH CAUSE OF ACTION - BREACH OF BAILMENT

28.     Plaintiff hereby incorporates paragraphs 1 through 27 into this cause of action as if fully set forth herein.

29.     The damage to the Cargo was directly and proximately caused by the acts and/or omissions of the Defendants, in violation of their statutory and/or common law duties and obligations as bailees to safely maintain and care for the Cargo while the same was in their care, custody, and/or control.

30.     As a direct and proximate result of the Defendants' acts and omissions, Plaintiff has suffered or will suffer principal damages in the sum of not less than USD 109,681.02.

**FIFTH CAUSE OF ACTION - INDEMNIFICATION**

31.     Plaintiff hereby incorporates paragraphs 1 through 30 into this cause of action as if fully set forth herein.

32.     Plaintiff is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged by those entities with interest in the Cargo in their claim against Plaintiff.  But if Plaintiff is nevertheless found liable under any legal theory for any damages or injuries alleged by those entities with interest in the Cargo in their claim against Plaintiff, then Plaintiff is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of Defendants was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of Plaintiff, if any, was, at most, only passive, derivative, and secondary.

33.     Accordingly, if Plaintiff is held liable for any part of the claims asserted against it, Plaintiff is entitled to total indemnification from Defendants, so that Plaintiff can recoup from and be reimbursed by Defendants, any sum or sums that Plaintiff has paid, will pay and/or must pay to those entities with interest in the Cargo.

34.     By reason of the foregoing allegations, Plaintiff has incurred and/or paid expenses for the defense of the claim brought by those entities with interest in the Cargo including, but not limited to, attorneys' fees, court costs, expenses, and damages.  Plaintiff will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action.  Based on the foregoing, Plaintiff seeks and is entitled to be indemnified and held harmless by Defendants for Plaintiff's attorneys' fees, court costs,

expenses, and damages incurred, paid, and/or owing.  The aforementioned expenses are continuing and the aggregate amount is not presently known to Plaintiff, which prays leave to amend its complaint to assert the true amount of such expenses when they have finally been ascertained.

### SIXTH CAUSE OF ACTION – PARTIAL EQUITABLE INDEMNIFICATION

35.     Plaintiff hereby incorporates paragraphs 1 through 34 into this cause of action as if fully set forth herein.

36.     Plaintiff is informed and believes, thereon alleges, that it is in no way responsible for the injuries or damages alleged by those entities with interest in the Cargo in their claim against Plaintiff.  But if Plaintiff is nevertheless found liable under any legal theory for any damages or injuries alleged by those entities with interest in the Cargo in their claim against Plaintiff, then Plaintiff is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of Defendants was, at least in part, the contributing and substantial proximate cause of the damages or injuries alleged by those entities with interest in the Cargo, if any.

37.     By reason of the foregoing allegations, Plaintiff will be damaged to the extent that it has paid or must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

38.     Accordingly, if Plaintiff were to be held liable for any part of the claims asserted against it, Plaintiff would be entitled to partial equitable indemnification by Defendants in proportion to their share of the liability, so that Plaintiff would avoid payment of any sum or sums it has paid, will pay and/or must pay to those entities with interest in the Cargo, or any sum in excess of Plaintiff's proportionate share of liability, if any.

39.     By reason of the foregoing allegations, Plaintiff has incurred and/or paid expenses for the defense of the claim brought by those entities with interest in the Cargo, including, but not

limited to, attorneys' fees, court costs, expenses, and damages.  Plaintiff will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action.  Based on the foregoing, Plaintiff seeks and is entitled to be indemnified and held harmless, at least in part, by Defendants for Plaintiff's attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing.  The aforementioned expenses are continuing and the aggregate amount is not presently known to Plaintiff, which prays leave to amend its complaint to assert the true amount of such expenses when they have finally been ascertained.

**SEVENTH CAUSE OF ACTION - CONTRIBUTION**

40.     Plaintiff hereby incorporates paragraphs 1 through 39 into this cause of action as if fully set forth herein.

41.     Plaintiff is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged by those entities with interest in the Cargo in their claim against Plaintiff.  But if Plaintiff is nevertheless found liable under any legal theory for any damages or injuries alleged by those entities with interest in the Cargo in their claim against Plaintiff, then Plaintiff is informed and believes, and thereon alleges, that Defendants were the contributing and substantial proximate cause of the damages or injuries alleged by those entities with interest in the Cargo, if any.

42.     By reason of the foregoing allegations, Plaintiff will be damaged to the extent that it has paid and/or must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

43.     Accordingly, if Plaintiff were to be held liable for any part of the claims asserted against it, Plaintiff would be entitled to contribution by Defendants in proportion of their share of

the liability, so that Plaintiff would avoid payment of any sum or sums it has paid, will pay and/or must pay to those entities with interest in the Cargo, or any sum in excess of Plaintiff's proportionate share of liability, if any.

44.     By reason of the foregoing allegations, Plaintiff has incurred and/or paid expenses for the defense of the claim brought by those entities with interest in the Cargo, including, but not limited to, attorneys' fees, court costs, expenses, and damages.  Plaintiff will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action.  Based on the foregoing, Plaintiff seeks and is entitled to be indemnified and held harmless by Defendants for Plaintiff's attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing.  The aforementioned expenses are continuing and the aggregate amount is not presently known to Plaintiff, which prays leave to amend its complaint to assert the true amount of such expenses when they have finally been ascertained.

WHEREFORE, Plaintiff prays for judgment on its complaint as follows:

1.     For a judgment against the Defendants, and each of them, for monetary damages suffered by Plaintiff and by others upon whose behalf Plaintiff acts, in an amount according to proof not less than USD 109,681.02;

2.     For a judgment against Defendants by way of total indemnification for any sum adjudged against Plaintiff, if any, in favor of those entities with interest in the Cargo or any other party herein;

3.     For a judgment against Defendants by way of contribution and/or partial equitable indemnification, according to proof of contributory and/or comparative liability for any sum adjudged against Plaintiff, if any, in favor of those entities with interest in the Cargo, or any other

parties herein, which sum is in excess of the proportionate share of Plaintiff's liability, if any, as assessed by the trier of fact;

4.      For a judgment against the Defendants, and each of them, for prejudgment interest as well as the attorneys' fees, court costs and expenses incurred by Plaintiff in the prosecution of this action against the Defendants and in the defense of claims by entities with interest in the Cargo; and

5.      For such other and further relief as the Court deems just and proper.

Dated: 19 October 2022                                  LAKIS LAW OFFICES, PC
                                                         *Attorneys for Plaintiff Aeronet Worldwide, Inc.*

                                       .

                                                             *s/William E. Lakis*
                                                         By: _____
                                                             William E. Lakis
                                                             Lakis Law Offices, PC
                                                             145 N. Franklin Tpke, Suite 122
                                                             Ramsey, NJ  07446
                                                             Tel:  201-962-9300
                                                             Fax: 201-962-9301